# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Mark Baltis | Case No. |
| Plaintiff | COMPLAINT |
| v. Shellpoint Mortgage Servicing<br>4000 Chemical Road, Suite 200<br>Plymouth Meeting, PA 19462<br>Defendant | July Demand Requested |

## COMPLAINT

Now come Plaintiff, by and through their attorneys, and, for his Complaint alleges as follows:

1. Plaintiff, Mark Baltis, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Shellpoint Mortgage Servicing Company, Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e.

3. The FDCPA demands that all Debtors be given their rights clearly under 15 U.S.C. Section 1692g, commonly known as the "Mini-Miranda" notices.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a residents of the State of Illinois. Defendant ("Shellpoint Mortgage Servicing Corporation "), is a Pennsylvania business entity with an address of 4000 Chemical Road, Suite 200, Plymouth Meeting, PA 19462 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

8. Unless otherwise stated herein, the term "Defendant" shall refer to Shellpoint Mortgage Servicing Corporation.

9. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

11. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff filed for Chapter 7 Bankruptcy on June 29, 2012.

13. The Plaintiff's Bankruptcy was subsequently Discharged on or about November 6, 2012.

14. Prior to the Bankruptcy filing, Debtor had a mortgage on a piece of real estate located a 6755 S Crandon Ave., Apt. 2, Chicago, IL 60649 that was being held by Bank of America.

15. Defendant received this mortgage when the Plaintiff was in default to the original mortgage holder, making Defendant a Debt Collector as defined by 11 U.S.C. Section 1692a(6)

16. Since the Discharge, Defendant has been collecting on this pre-Bankruptcy filing debt.
17. On or about February 28, 2015, Defendant made a "derogatory" charge on Plaintiff's credit report when in reality, Plaintiff was not liable for this debt anymore.
18. Plaintiff has requested Defendant correct this statement on the credit report, but at this point, Defendant has refused.
19. Second, Defendant mailed Plaintiff the "Annual Escrow Statement" seeking to collect on the mortgage in violation of the Discharge Order.
20. The purpose of the "Annual Escrow Statement" is to inform Plaintiff of potentiall liability for escrow shortage; Defendant is seeking to have Plaintiff continue to be responsible for this mortgage debt even though he has been fully Discharged.
21. At no pont, has Defendant informed Plaintiff of his rights under 15 U.S.C. Section 1692g.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
23. Defendant violated 15 U.S.C. Section 1692 by seeking to collect on a debt that it had no legal right to collect on.
24. Defendant violated 15 U.S.C. Section 1692e(8) by stating false information to a credit bureau regarding the Plaintiff.
25. Defendant violated 15 U.S.C. Section 1692g by not informing Plaintiff of his rights under 15 U.S.C. Section 1692g at any point.

**JURY DEMAND**

26. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34, Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of the Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff